IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY NEELY                                                                           PETITIONER

vs.                              Civil Case No. 4:06CV00953 JTK

DUSTIN McDANIEL,
*Attorney General of Arkansas*                                           RESPONDENT

## ORDER

On August 18, 2010, the Court held an evidentiary hearing to address the specific question of whether Petitioner Larry Neely's trial counsel, John Collins and Herb Wright, provided constitutionally effective advice in procuring Petitioner's guilty plea. After receiving exhibits[1], testimony, and new briefings from both sides, the Court unequivocally answers that question in the affirmative. The Court affirms its earlier Memorandum and Order (DE #50) and offers this supplemental order for purposes of further clarification and development.

Ineffective counsel is the kind that both falls below an objective standard of reasonableness and actually prejudices the defendant. *Strickland vs. Washington*, 466 U.S.

---

[1] At the evidentiary hearing, Petitioner moved to admit the affidavit of his employer, Daniel Ivey-Soto, a New Mexico attorney. Petitioner proffered the affidavit and the Court took the matter under advisement. The Court has reviewed the proffered affidavit and finds it unrelated to the narrow purpose of the evidentiary hearing. Therefore, Petitioner's motion to admit the affidavit into the record is denied.

668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner argues that his attorneys were ineffective because they mischaracterized the child sexual indecency statute, Ark. Code Ann. § 5-14-110, as not requiring proof of a culpable mental state and because they misstated Arkansas law with respect to the availability of post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Neither of these pieces of allegedly defective advice was constitutionally deficient. Specifically, the issue of whether Ark. Code Ann. § 5-14-110 requires proof of intent is a question that has not been settled by the Arkansas Supreme Court. At the hearing, Herb Wright[2] testified that both he and Petitioner recognized at the time that it was an unsettled question of law. In fact, Petitioner exchanged emails with Herb Wright in which both parties recognized that it was not clear whether proof of a culpable mental state was required. (DE #62 at 54, 56)  In Petitioner's own "trial strategy" document, he claimed that legislative intent was "unclear" on the issue of culpability. (DE #62 at 64)  Further, John Collins testified that, in his professional experience, Ark. Code Ann. § 5-14-110 was in practice essentially enforced as a strict liability statute, citing widespread usage of AMCI jury instructions that lack the inclusion of a culpability element. Despite this, however, Mr. Collins testified that he made intent-based arguments to prosecutors.

---

[2]As provided for in the Court's July 21, 2010, Order, Mr. Wright now sits as a circuit court judge in the Arkansas Sixth Judicial District, which covers Pulaski County and Perry County. Any reference to Judge Wright by his proper name is not meant as a sign of disrespect but rather as a caution so as not to confuse the record and suggest that he served in the capacity as anyone other than who he was in this matter—one of Petitioner's attorneys.

Based on the foregoing, it cannot be said that counsels' advice on an unsettled question of law was unreasonable under the circumstances. *See Fields v. United States*, 201 F.3d 1025, 1028 (8th Cir. 2000) (arguing that an attorney's "failure to anticipate a rule of law that has yet to be articulated by the governing courts" is not professionally unreasonable).

The Court also finds that counsels' statements concerning the availability of Rule 37 relief did not constitute constitutionally deficient advice. *Strickland* notes that "judicial scrutiny of counsel's performance must be highly deferential," and that "a strong presumption [exists] that counsel's conduct falls within the wide range of reasonably professional assistance." 466 U.S. at 689. Furthermore, the Sixth Amendment guarantees "not perfect advocacy judged with the benefit of hindsight. . .[but] reasonable competence." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Both attorneys correctly advised Petitioner that he would be giving up his right to a direct appeal in Arkansas courts if he pleaded guilty. Normally, however, a defendant who pleads guilty and serves a term of imprisonment is nevertheless entitled to a post-conviction cause of action under Rule 37 of the Arkansas Rules of Criminal Procedure. A defendant who pleads guilty but serves a probated sentence, on the other hand, is not "in custody" for purposes of Rule 37 and is prohibited from seeking relief. *See Neely v. McCastlain*, 2009 Ark. 189, at 2, 306 S.W.3d 424, 427 (Ark. 2009) ("A petitioner seeking Rule 37 post-conviction relief must be incarcerated in order for the rule's remedies to be available, and a person on parole or probation is not in custody for purposes of Rule 37."). Here, Petitioner's counsel, not appreciating this distinction, advised Petitioner that he would be entitled to a Rule 37 action under a probated sentence. While technically

incorrect advice, the Court does not believe the error was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The attorneys worked closely with Petitioner; communicated with him daily; hired investigators and negotiated with prosecutors. In fact, Petitioner's attorneys successfully negotiated the prosecutor's original guilty plea offer of 18 years down to probation. In the Court's view, the attorneys provided Petitioner with rigorous assistance. The issue of Rule 37 relief was only collaterally related to the attorneys' representation. *See, e.g., Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (arguing that a petitioner has no right to counsel in post-conviction proceedings). *Strickland* commands not that attorneys be right all the time on every statement of law but that they provide "reasonably effective assistance" to their clients. 466 U.S. at 687. Petitioner's attorneys met that burden.

Assuming, for the sake of argument, that counsels' advice regarding the availability of Rule 37 fell below an objective standard of reasonableness, the Court finds that Petitioner was not prejudiced by that advice. While Petitioner did not obtain the benefit of Rule 37 post-conviction review, he did receive exhaustive federal habeas review in this Court. Furthermore, Petitioner's attorneys indicated that avoiding a term of imprisonment was a central factor in Petitioner's acceptance of the plea deal. The Court is therefore not convinced Petitioner would not have still chosen to plead guilty had the correct advice been given, that is, had Petitioner's attorneys advised him that he was not entitled to post-conviction relief

in Arkansas courts under a probated sentence.[3] Regardless of whether the Arkansas Supreme Court will ultimately hold that Ark. Code Ann. § 5-14-110 is a strict liability statute, the record indicated overwhelming evidence that Petitioner acted at least recklessly: he placed sexually suggestive phone calls requesting oral sex from school-aged athletes under age 15; he had a history of making similar calls in other states; because the calls were sometimes three-way calls, he often had no knowledge of the specific ages of the victims. Based on the evidence and their understanding of the law, both of Petitioner's attorneys felt that a Lonoke County jury was likely to convict, with Petitioner serving a term of imprisonment. In sum, the Court finds that Petitioner, in these circumstances, received constitutionally effective advice of counsel.

  IT IS SO ORDERED this 3rd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Petitioner testified that he might not have taken the offer of probation, which effectively waived his right to a jury trial, this testimony is self-serving. It is precisely the type of danger that *Strickland*, 466 U.S. at 689, warned against—second-guessing counsel's advice "after conviction or adverse sentence"—and the Court cannot revisit the issue through the 20/20 lens of hindsight. *See Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir. 1996) ("Counsel's challenged conduct is to be evaluated in light of the circumstances surrounding the decision, not with the 20/20 vision of hindsight.").