IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY NEELY                                                                                          PETITIONER

vs.                                    Civil Case No. 4:06CV00953 JTK

DUSTIN McDANIEL,
ATTORNEY GENERAL OF ARKANSAS                                          RESPONDENT

ORDER

Larry Neely petitioned for habeas relief, and by Memorandum and Order entered on June 15, 2010 (DE #50), the Court denied relief and dismissed the petition. The court granted his motion for reconsideration (DE #54) and conducted an evidentiary hearing. Following the evidentiary hearing and post-hearing briefs, the Court affirmed its original Memorandum and Order (DE #67). Petitioner has now filed a Notice of Appeal and a Motion for a certificate of appealability (COA). (DE ## 69, 70)

*Certificate of Appealability*

"A COA should issue if the applicant has 'made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which we have interpreted to require that the 'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)). To satisfy this standard, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. at 484. This determination "requires an overview of the claims ... and a general assessment of their merits," but the statute prohibits full consideration of the factual or legal bases supporting the claims. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The Eighth Circuit has articulated three rules from Slack for considering a petition for a certificate of appealability:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

Langley v. Norris, 465 F.3d 861, 863 (8th Cir. 2006) (quoting Khaimov v. Crist, 397 F.3d 783, 786 (8th Cir. 2002)).

After reviewing the record in this case, the Court determines that the standard for a certificate of appealability is not met and that Petitioner's motion seeking same should be and hereby is denied.

IT IS SO ORDERED this 6th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE